# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:20-cr-10041-PBS |
| | ) | |
| BRUCE BROWN a/k/a "Arki" | ) | |
| | ) | |

## JOINT STATUS REPORT

Now come the parties jointly and submit this status report pursuant to Local Rule 116.5(a). The parties state as follows:

1. The government has provided the defense with an initial production and its Rule 16 discovery letter. The government will provide the remainder of its automatic discovery (with the exception of the materials the government does not currently have access to, as noted in the Rule 16 discovery letter), upon entry of the protective order in this case. There are no outstanding discovery requests at this time. The government understands that it has an ongoing and continuing duty to produce discovery.

2. The government filed a motion for an assented to protective order on March 23, 2020.

3. The status conference scheduled for April 1, 2020 is the first status conference in this matter. The parties request to proceed with the status conference telephonically as scheduled. At the status conference on April 1, 2020, the government anticipates requesting that the defendant not have contact with witnesses in the case. A list of those witnesses have already been provided to defense counsel. The parties move for a status conference in 45 days to allow defense counsel time to review the automatic discovery produced in this matter.

4. On March 26, 2020, the government filed additional charges against the defendant, including witness tampering and obstruction of justice in 20-MJ-2263-MBB. The government arranged for the defendant to be served with a copy of these charges at the Wyatt Detention Facility on March 27, 2020 and received confirmation that service occurred. The defense and the government are in agreement that the initial appearance in 20-MJ-2263 may be delayed approximately 30-45 days or until convenient for the Court and the parties, given the pandemic.

1

5. The parties believe it is too soon to set deadlines for expert disclosures or Fed. R. Crim. P. Rule 12 (b) motions and request that deadlines be set at the next status conference.
6. The government will file a motion to exclude the time from the status conference on April 1, 2020 through the next scheduled status conference. The parties agree that the time from April 1, 2020 until the next status conference should be excluded. The exclusion of such time is necessary to provide counsel for the defendant and the attorney for the government the reasonable time necessary to effectively prepare for trial, taking into account the exercise of due diligence. The parties further agree that the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(iv); § 3161(h)(1)(G).

Respectfully submitted,

| | |
|---|---|
| BRUCE BROWN | ANDREW LELLING<br>United States Attorney |
| | |
| */s/ Scott Lauer* | */s/ Mackenzie Queenin* |
| Scott Lauer | Mackenzie Queenin |
| FEDERAL PUBLIC DEFENDER OFFICE | United States Attorney's Office |
| 51 Sleeper Street, 5th Floor | One Courthouse Way |
| Boston, MA 02210 | Boston, MA 02210 |
| 617-223-8061 | 617-748-3392 |

## Certificate of Service

I, Mackenzie A. Queenin, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: March 30, 2020    */s/ Mackenzie A. Queenin*
                        Mackenzie A. Queenin