

**U.S. Department of Justice**

*Nathaniel R. Mendell*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 22, 2021

Daniel Reilly, Esq.
44 School Street, Suite 1000B
Boston, MA 02108

    Re:    <u>United States v. Bruce Brown</u>
            Criminal No. 20-cr-10041-PBS

Dear Attorney Reilly:

      The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Bruce Brown ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

    1.    <u>Change of Plea</u>

      Defendant will plead guilty to the following counts of the Second Superseding Indictment: Counts One and Two, conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c); to so much of Count Four as charges sex trafficking of a minor, in violation of 18 U.S.C. § 1591(b)(2); Count Nine, transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a); Count Ten, obstruction of justice, in violation of 18 U.S.C. § 1503; and Count Eleven, attempted witness tampering, in violation of 18 U.S.C. § 1512 (b)(1). Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one.

      The United States Attorney agrees to dismiss Counts Three, Five, Six, Seven, and Eight of the Second Superseding Indictment, charging sex trafficking by force, fraud and coercion, in violation of 18 U.S.C. § 1591(a)(1), following the imposition of sentence at the sentencing hearing.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties on each of Counts One, Two, Four, and Nine: incarceration for life; supervised release for five years; a fine of $250,000; a mandatory special assessment of $100; an additional assessment of $5,000 under 18 U.S.C. § 3014 (a)(1),(4) unless the Defendant is indigent; restitution; and forfeiture to the extent charged in the Second Superseding Indictment. With respect to Counts Four and Nine, the defendant faces a mandatory minimum penalty of ten years incarceration.

Defendant faces the following maximum penalties on Count Ten: ten years' incarceration; supervised release for 3 years; a fine of $250,000, and mandatory special assessment of $100.

Defendant faces the following maximum penalties on Count Eleven: twenty years' incarceration; supervised release for 3 years; a $250,000 fine; and a mandatory special assessment of $100.

Defendant understands and acknowledges that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act, and the laws of the state of his residence. Failure to do so may violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. § 2250.

Defendant understands that, if he is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw his plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw his guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 40:

a) Defendant is responsible for conspiring to traffic Victims B, C, and E and for

transporting a minor with intent to engage in criminal sexual activity, and the offenses involving each victim form a separate group pursuant to USSG §§ 2G.1.1(d)(1) and 3D1.2;

b) The base offense level for Group One (Victim B), Group Two (Victim C) and Group Three (Victim E) is 34 (USSG §§ 2X1.1, 2G1.1(a)(1));

c) Defendant's offense level is increased by 4, because Defendant is an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive (USSG § 3B1.1);

d) Defendant's offense level is increased by 2 because the defendant willfully attempted to obstruct or impede the administration of justice with respect to the prosecution of the instant offense of conviction and the conduct related to the defendant's offense of conviction (USSG § 3C1.1);

e) Each group generates one unit because each is no more than four levels less serious than the group with the highest adjusted offense level, totaling three units, which results in an additional three offense levels to the most serious Group (USSG § 3D1.4); and

f) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.   Agreed Disposition

The parties agree on the following sentence:

a) Incarceration for 138 months;

b) 48 months of supervised release;

c) a mandatory special assessment of $600, which Defendant must pay to the Clerk of the Court by the date of sentencing;

3

    d) a special assessment of $5,000 under 18 U.S.C. § 3014 (a)(1),(4), unless the Court determines the Defendant is indigent; and

    e) forfeiture as set forth in Paragraph 8.

6.    <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) He will not challenge his <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

7.    <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that the Court can award attorneys' fees and other litigation expenses

to defendants in certain criminal cases. In exchange for the concessions the U.S. Attorney is making in this Agreement, Defendant waives any claim under the so-called "Hyde Amendment," 18 U.S.C. §3006A, that is based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Counts Three, Five, Six, Seven and Eight of the Second Superseding Indictment.

8. Forfeiture

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

9. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

10. Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

11. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

12. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*     \*     \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Mackenzie A. Queenin.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By: _____
Timothy Moran
Chief, Civil Rights Enforcement Team

_____
Mackenzie A. Queenin
Assistant U.S. Attorney

October 22 2021

6

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I received an offer by letter dated June 21, 2021 and rejected it.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Bruce Brown
Defendant

Date: 10-25-21

I certify that Bruce Brown has read this Agreement and that we have discussed what it means. I believe Bruce Brown understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that, in addition to this offer, the U.S. Attorney extended an offer dated June 21, 2021 and that I fully discussed that offer with Bruce Brown before Bruce Brown rejected it.

_____
Daniel Reilly, Esq.
Attorney for Defendant

Date: 10/25/21

7