UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:20-cr-10041-PBS |
| BRUCE A. BROWN | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Bruce Brown ("Brown"), by and through undersigned counsel, hereby respectfully submits this memorandum in conjunction with his sentencing scheduled for today, February 10, 2022. For the reasons set forth herein, and pursuant to the plea agreement in this case, Brown respectfully requests this Honorable Court impose a sentence of 138 months of incarceration. Further, Brown respectfully requests a judicial recommendation for: admission to the Bureau of Prisons ("BOP") Residential Drug Abuse Program ("RDAP"), mental health evaluation and treatment services, and classification to a BOP facility in the northeast region that offers both RDAP and mental health treatment programs, but that will also afford his family the ability to regularly visit with him. Brown asserts the requested sentence constitutes sufficient punishment for the crimes he committed and will allow him ample opportunity to rehabilitate himself and become a law-abiding and productive member of society upon his eventual release.

### PROCEDURAL HISTORY

On February 19, 2020, Brown was arrested and detained in federal custody for the instant offenses. He has remained in custody since his arrest.

The parties engaged in extended plea negotiations in this case, ultimately resulting in the plea agreement signed by the defendant on October 25, 2021, and filed with the Court the

following day. On November 1, 2021, the defendant changed his plea, and entered a guilty pleas to: Counts 1 & 2 of the Second Superseding Indictment – conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1954(c); so much of Count 4 as charges sex trafficking of a minor, in violation of 18 U.S.C. § 1591(b)(2); Count 9 – transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a); Count 10 – obstruction of justice, in violation of 18 U.S.C. § 1503; and Count 11 – attempted witness tampering, in violation of 18 U.S.C. § 1512(b)(1). The remaining counts of the Second Superseding Agreement (3, 5, 6, 7 and 8) are to be dismissed should the Court accept the recommendation of the parties and impose the requested sentence.

.

**ARGUMENT**

**I.     Applicable Law**

Under *United States v. Booker*, 543 U.S. 220, 259 (2005), the sentencing guidelines are no longer mandatory. The Sentencing Reform Act requires the Court to consider guidelines ranges, *see* 18 USC § 3553(a)(4), but permits it to tailor the sentence in light of other statutory concerns. These concerns include reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public, and effectively providing the defendant with needed educational or vocational training and medical care. 18 USC § 3553(a). Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution

to any victims of the offense. *Id.*[1]

The sentencing court must compute the guidelines, which are the "starting point and the initial benchmark," but which may not be presumed reasonable. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). Then, the court considers the parties' arguments, after which it makes an "individualized assessment based on the facts presented," considering all of the factors under 18 USC § 3553(a). *Id.* Ultimately, the sentencing judge must select a sentence within the statutory range that is "sufficient, but not greater than necessary" to satisfy the varied purposes of punishment identified by Congress. 18 USC § 3553(a); *see also* 18 USC § 3553(a)(1)-(2).

The First Circuit has summarized the central principles of the post-*Booker* and -*Gall* sentencing procedure described above:

> This sequencing necessitates a case-by-case approach, the hallmark of which is flexibility. In the last analysis, a sentencing court should not consider itself constrained by the guidelines to the extent that there are sound, case-specific reasons for deviating from them. Nor should a sentencing court operate in the belief that substantial variances from the guidelines are always beyond the pale. Rather, the court "should consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

*United States v. Martin,* 520 F.3d 87, 91 (1st Cir. 2008) (quoting *Gall*, 552 U.S. at 52).

**II.     Advisory Guidelines Calculation and Applicable Departures**

Pursuant to the Plea Agreement, the parties agreed Brown's total offense level (TOL) is 40. Probation calculates Brown's TOL to be 39. Despite the discrepancy in the calculations, the

---

[1] Under *Booker,* this Court may consider certain factors that are rejected or ignored by the guidelines. Sentencing courts previously were forbidden from considering, *inter alia*, a defendant's history and characteristics to the extent that they involved his mental and emotional condition, USSG § 5H1.3; her education and vocational skills, *id.* at § 5H1.2; drug or alcohol dependence, *id.* at § 5H1.2; socioeconomic status, *id.* at § 5H1.10; or lack of guidance as a youth, *id.* at § 5H1.12.  These factors can now support a sentence outside the guidelines.

3

resulting guidelines range is ultimately the same. Given that the range is the same (and that Probation's TOL of 39 is more favorable), and because Brown pled guilty pursuant to a plea agreement with a specific jointly-recommended term of incarceration, subject to Rule 11(c)(1)(C), Brown has no objections to his guidelines calculations as determined by Probation

### III. The Requested Sentence Is Sufficient, But Not Greater Than Necessary, To Comply With The Statutory Purposes Set Forth In Under the Sentencing Reform Act.

After determining the guideline range, this Court must consider whether the statutory factors warrant an ultimate sentence above or below the guideline range. *United States v. Jiménez-Beltre,* 440 F.3d 514, 518-19 (1st Cir. 2006). The Supreme Court has emphasized that section 3553(a) is "more than a laundry list of discrete sentencing factors; rather, it is a tapestry of factors, through which runs the thread of an overarching principle." *United States v. Rodríguez*, 527 F.3d 221, 228 (1st Cir. 2008) (citing *Kimbrough,* 552 U.S. at 101). That tenet – the "parsimony principle" – instructs "district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Id.* (quoting 18 U.S.C. § 3553(a)).

#### A. Background and Circumstances Prior to the Offense Conduct

Brown is forty-three years old and, admittedly, has a lengthy criminal record. He stands before this Honorable Court having pleaded guilty to the six (6) counts noted above. He has accepted responsibility for his crimes and is remorseful. While in no way does he seek to excuse his criminal activities/behavior, he does wish to provide the Court with some context as to the impact his upbringing and life to this point contributed to his current standing before the Court, particularly in light of his request that the Court accept the recommended sentence, and that he be recommended for mental health and substance abuse treatment during his incarceration.

Briefly, as noted in Part C of the PSR, Brown had a difficult upbringing. His parents were not married, and he did not have a stable home life. He reports abuse from his mother from an

early age. Although his father treated him well, Brown reports that he was often left in the care of various women his father was dating while his father sold drugs. Brown reports that he was abused physically, sexually, and even raped by some of these women between the ages of 6 and 16. His mother died in the late 1990s due to complications from her own drug use. Although he was not a member of the local gang in the area in which he grew up, he was no stranger to interacting with gang members and/or the drugs and violence that followed them and were endemic to his neighborhood. From an early age, Brown has been dealing with extremely difficult circumstances, and what most would consider a hard life.

Brown's lengthy criminal record reflects that he ultimately did succumb to the pressures of his upbringing and environment. He admits to serious substance abuse issues. He has admitted to a number of sex crimes and acts of violence. As a result of his past conduct, he has been previously arrested and incarcerated on multiple occasions. Brown reports that during one such period of incarceration, he was sexually assaulted and forced to join a prison gang. All of this has impacted the troubled man he ultimately became. It likely led to his significant substance abuse issues and serious mental health issues, that he has just begun to unpack during his current incarceration.

Aside from the assaults and violence, and dependency issues he, himself, has dealt with, Brown also has several physical and mental/emotional conditions that warrant mentioning. He is currently being treated for high blood pressure, diabetes, anxiety, depression, and PTSD. He reports that he has bad knees that prevent him from working out to maintain his health, and he has been infected with COVID-19 at least twice while in custody and reports lingering effects. His grandfather, the person he was closest to, aside from his children, also passed away while he has been detained in this case. He reports he is participating in his current facilities drug treatment programs and is receiving regular mental health care. In light of his health issues, particularly, his

mental health issues and his reporting of substantial and serious substance abuse issues, Brown humbly asks the court to recommend to BOP that he be classified to a facility that offers, and be admitted to, the RDAP program. He likewise, requests a judicial recommendation for mental health evaluation and treatment during his incarceration.

Despite his own difficult circumstances, Brown's life is not without its blessings. He has two children, both of whom he is close with. His daughter is 8 years old. As a result of this case, he has had very limited communication with her. One of the things he is most looking forward to in pleading guilty and beginning his sentence, is the lifting of any orders preventing contact with his daughter as a result of this case. Being able to complete his sentence and have an opportunity to know his daughter outside of prison is a huge impetus for his desire to have the requested sentence imposed and to begin his journey of rehabilitation. In this same vein, Brown respectfully requests a judicial recommendation to BOP that he be classified to a facility that will allow him to remain in as close proximity as possible to his family, so that they may visit him on a regular basis.

Respectfully, although the crimes to which Brown has pleaded guilty are horrific, he is not simply a monster; he is at least, in part, a product of his environment and upbringing. He is also a person, a father, a member of a family, and someone who is not unredeemable and can be rehabilitated. He looks forward to living a happy and productive life with his family once he has atoned for his crimes.

## CONCLUSION

Based on the foregoing, Brown respectfully requests this Honorable Court impose a sentence of 138 months of incarceration. Further, Brown respectfully requests a judicial recommendation for: admission to the Bureau of Prisons ("BOP") Residential Drug Abuse Program ("RDAP"), mental health evaluation and treatment services while in custody, and classification to a BOP

facility in the northeast region that offers both RDAP and mental health treatment programs, but that will also afford his family the ability to regularly visit with him.

| | |
|---|---|
| Dated: February 10, 2022 | Respectfully submitted,<br>BRUCE A. BROWN<br>By and through his attorneys,<br><br> /s/ *Daniel C. Reilly*<br>Daniel C. Reilly, BBO#699663<br>BRAD BAILEY LAW, P.C.<br>44 School Street, Suite 1000B<br>Boston, Massachusetts 02108<br>Tel.: (857) 991-1945<br>Fax: (857) 265-3184<br>dan@bradbaileylaw.com |

**Certificate of Service**

I, Daniel C. Reilly, hereby certify that on this the 10th day of February, 2022, I caused a true copy of the foregoing motion to be served upon all necessary parties to this matter by virtue of electronically filing the same via the CM/ECF system.

 /s/ *Daniel C. Reilly*
Daniel C. Reilly